BEATRICE EIK' et al., appellants, v. NED S. STILES, administrator of estate of BRIT STILES, et al., appellees; FRANCIS L. FREE, administrator of estate of MARY A. STILES, defendant.

No. 48213.

(Reported in 57 N.W.2d 806)

APRIL 8, 1953.

OPINION MODIFIED AND REHEARING DENIED JUNE 12, 1953.

John. Henry Eik, of Sioux City, for appellants.

Edward E. Eaton, of Sidney, for appellees.

Francis L. Free, administrator, of Sioux City, pro se.

BLISS, J.—The facts are determinative of this appeal. Eugene Stiles, senior, and his sons, the· defendants Brit and Gene Stiles, owned and operated the Fremont County Abstract Company in Sidney, Iowa. Each of them had an equal interest in the business. The elder Stiles died intestate April 5, 1933, survived by his widow, Mary A. Stiles, and six children, the two defendants and the four plaintiffs. On April 19, 1933, the six children made a written contract with their mother by which they sold and agreed to convey to her for her life their two-thirds interest in the one-third interest which their father had in the· abstract company at his death. By this contract and her distributive share therein the widow became the owner of a one-third interest for her life in the abstract company. The .company was indebted to the amount of approximately $5700. At the same time the contract was executed the mother and her sons, the two

defendants, entered into a written partnership agreement by which she became a full partner with them in the abstract business, entitling her to one third of the net profits after paying all expenses and deducting one fourth of the gross receipts for deposit in a so-called trust fund for payments on the company's indebtedness. The mother did not aid in operating the abstract business and it was conducted almost entirely by the two sons, Brit and Gene. Shortly after the new partnership was formed these sons proposed to their mother that they guarantee her $15 a week instead of her share in the profits, which varied considerably from month to month. The mother lived in the homestead on about eight acres of ground and had been given the other personal property, and also received a small monthly insurance payment. After consultation with the plaintiffs the mother agreed to accept the $15 a week. This arrangement was continued for approximately ten years, at which time, apparently because of business conditions, she and her partner-sons orally agreed that the weekly payments to her be reduced to $10. We have set out above all of the business transactions disclosed by the record.

In October 1949 plaintiffs filed their petition alleging, in substance, some of the matters referred to herein and numerous other allegations which have no support in the record. Copies of the two contracts noted above were attached as exhibits. They alleged that the defendants overreached and defrauded their mother and in the reduction of the weekly payments to her they had wrongfully deprived her of $1710 and interest thereon; that the written contract of April 19, 1933, between the mother and the children set up a trust estate in which the mother was the beneficiary and the defendants were the trustees, and the plaintiffs were the donors or settlors of the trust.

The defendants challenged the petition by motion to strike many parts of it as conclusions and impertinent and irrelevant. They also filed a motion to dismiss the petition. Plaintiffs then amended their petition and made the mother, Mary A. Stiles, a party-defendant. She then filed motions attacking the petition as amended. Later Brit and Gene Stiles filed a joint answer, and their mother filed a separate answer, both of which denied the allegations of the amended petition.

Mary A. Stiles died May 25, 1951, and Brit Stiles died July 18, 1951. The administrator of the estate of each respectively was substituted as a party-defendant instead of the decedent.

At the trial Mr. Nichols represented Mary A. Stiles. Plaintiffs put on but two witnesses, the plaintiff Beatrice Eik and the defendant Eugene Stiles, Jr., who had been administrator of his father's estate. He testified to a few matters about that estate. Objections were sustained to much of the testimony of Mrs. Eik. Some letters from Brit Stiles were introduced, but there was little in them of any materiality.

The court found as conclusions of law that the plaintiffs were not the real parties in interest, and, in fact, had no interest in the cause; that Mary A. Stiles was under no disability to transact business, and there was no evidence of any fraud in her transactions with defendants, and that she was the only person who could have urged the matters complained of in the plaintiffs' petition. In her answer she alleged that she accepted the reduction in her weekly payment willingly and with full knowledge of the facts. The record fully sustained the court's dismissal of plaintiffs' interest in the abstract company or its books of account. There was no trust or fiduciary relation existing between the plaintiffs and the defendants. The mother was competent to conduct her business affairs without a conservator. We find nothing in the record to sustain the granting of any of the relief prayed for by plaintiffs.

The order, judgment and decree of the district court is— Affirmed.

All JUSTICES concur.